For defendant: Fergus J. McOsker.

|  |  |
|---|---|
| Emily Ford | |
| vs. | No. 87013. |
| Millard G. Dorcus | |

March 24, 1932.

For plaintiff: James E. Brothers, Peter L. Cannon, Sidney L. Rabinowitz.

For defendant: Ralph T. Barnefield.

|  |  |
|---|---|
| Ernest Ford | |
| vs. | No. 87012 |
| Millard G. Dorcus | |

March 24, 1932.

POULIOT, J. This cause is before the Court on defendant's motion for a new trial after the plaintiff received a verdict from the jury in the sum of $400.

The plaintiff's evidence showed that on September 28, 1930, about 11 o'clock in the morning, he was driving along Chalkstone avenue in Providence in an easterly direction, when his car was struck by the defendant's automobile coming out of Lawn street and being driven by Miss Evelyn L. Thompson.

There seems to be no serious dispute as to the negligent operation of the defendant's automobile by Miss Thompson, the controversy being as to whether or not liability should attach to the defendant.

It appears that the defendant and Miss Thompson attended the same church; that on this Sunday morning both attended Sunday School but in different classes; that the defendant had parked his car outside the church building and when Sunday School let out, he went with some other young men in another automobile to convey one of the group to the Armory of Mounted Commands on North Main street; that when he returned to where he had parked his car, he found it gone and was informed by the father of one of the three girls in defendant's car at the time of the collision, that his car was involved in an accident; that he had never given Miss Thompson any permission to use his car and that she had done so without his consent or knowledge.

Miss Thompson had two girl companions with her in defendant's automobile. They all said that when they came out of Sunday School, they saw the defendant's car and got into it; that it was suggested that it would

be a good joke on the defendant if they drove his car away and left it in front of the home of one of the girls; that Miss Thompson, who was not a licensed operator but who was at that time learning to drive under her father's supervision, started the car and they went for a short drive, ending in the collision. They corroborated defendant's claim that the defendant had no knowledge of their using his car or that he had given any consent.

The only testimony which tends to tie up the defendant with liability is the statements of Mr. and Mrs. Ford, a Mr. Monahan, and a Mr. Sylvester, who operated the third car involved in the collision, to the effect that after the accident the defendant appeared on the scene and said he had given Miss Thompson permission to use the car and would make good for the damage, which statement the defendant strenuously denied making.

It does not seem probable that a man who was guiltless of any wrongdoing would make statements assuming responsibility for the wrong and then within a very short time appear at the police station and in the presence of the operator of the car, as was done in this particular case, report that his car had been stolen.

The Court is of the opinion, and strenuously so, as it recalls the sincere manner in which the three young ladies told their story, that instead of a preponderance of evidence in favor of the plaintiff having been shown, there is a very strong preponderance in favor of the defendant.

The verdict of the jury is clearly erroneous when viewed in the light of the evidence and should be overturned.

Motion for new trial granted.